# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JARRET COLE,**

        **Plaintiff,**                     **Case No.:**

**v.**

**SARASOTA COUNTY PUBLIC**
**HOSPITAL DISTRICT d/b/a**
**SARASOTA MEMORIAL HOSPITAL,**

        **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JARRET COLE, by and through his undersigned counsel and sues the Defendant, SARASOTA COUNTY PUBLIC HOSPITAL DISTRICT d/b/a SARASOTA MEMORIAL HOSPITAL (hereinafter referred to as "SARASOTA MEMORIAL HOSPITAL") and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant, SARASOTA COUNTY PUBLIC HOSPITAL DISTRICT d/b/a SARASOTA MEMORIAL HOSPITAL, is an independent special district created and chartered by the laws of the State of Florida, authorized and doing business in this Judicial District. At all times material, SARASOTA MEMORIAL HOSPITAL employed Plaintiff, JARETT COLE. At all times material, SARASOTA MEMORIAL HOSPITAL employed the requisite number of employees and, therefore, is an employer as defined by Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act and 42 U.S.C. §1981.

4. At all times material, Plaintiff, JARRET COLE, was an employee of Defendant within the meaning of, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

7. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff, JARRET COLE, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on

Human Relations ("FCHR") on December 30, 2017. A copy of the Charge is attached as **Exhibit A**.

10. On August 29, 2018, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. A copy of the Dismissal is attached as **Exhibit B**. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. Plaintiff, JARRET COLE, is an African-American/Black male.

13. In or around December 2016, Plaintiff began his employment with Defendant as a Cook.

14. During Plaintiff's employment, he has always understood that he was doing a good job. Specifically, in or around July 2017, Jeff Ferris (Manager) told Plaintiff that he was meeting all standards.

15. On or about April 5, 2017, Plaintiff reported to Ferris that his co-worker, Abegail Fraser told Plaintiff to "move your black ass." Fraser later admitted to making the comment, but was not terminated from her position with Defendant.

16. In or around May 2017, Plaintiff's co-worker, Dianna Tickner, stated to Plaintiff: "my husband's friends say I'm a nigger lover."

17. In or around July 2017, Adeana Osika (Executive Director) told Plaintiff that she did not like the hip hop artist J. Cole because he always says "nigger, nigger, nigger."

18. Osika also made comments about managers having to take the "whip" out to Plaintiff's African-American/Black co-workers.

19. On or about October 21, 2017, Darling Izaguirre (co-worker), as she was referring to something on the salad bar, said to Plaintiff: "what's this, nigger?" Another one of Plaintiff's co-workers was present when Izaguirre made the racist comment towards Plaintiff.

20. On or about October 23, 2017, Plaintiff reported the comments by Izaguirre, Osika, Fraser, and Tickner to Tatiana Taylor (Human Resources). Taylor was dismissive of Plaintiff and made him feel badly for reporting it to her.

21. Approximately one hour later, Osika called Plaintiff to her office and said that she knew Plaintiff mentioned her name to Human Resources. Then, she told Plaintiff that he was just trying to twist things around. Plaintiff explained that he was not and that no black person wants to hear a white person call them "nigger".

22. Osika asked Plaintiff why it was okay for Plaintiff to use the word "nigger," specifically utilizing the full word.

23. At one point, Plaintiff put his head down in disbelief due to how Osika was treating him and she said: "hold your head up when I'm talking to you!"

24. When Plaintiff exited the meeting with Osika and stated that he was going back to Human Resources, Osika laughed at Plaintiff and said: "go ahead."

25. When Osika came out of the meeting with Plaintiff, she stated to Emmy Landrum (Administrative Assistant) words to the effect of: "you know what, Emmy? Jarret is a nigger."

26. Following the meeting, Plaintiff returned to Human Resources to report what happened. Taylor was not available, so Plaintiff told the secretary that Osika was retaliating against him. The secretary told Plaintiff that he did not have an appointment and Plaintiff explained that it was an emergency situation. The secretary told Plaintiff to "hold on".

27. When the secretary returned, Plaintiff asked for a copy of the employee handbook and he was told that she did not have one.

28. On or about November 1, 2017, Plaintiff had a meeting with Taylor and Susan Curran (Director of Human Resources). They told Plaintiff that his complaint was substantiated, Izaguirre violated company policy and that Plaintiff's co-worker heard her make the racial comment.

29. They further told Plaintiff that Izaguirre cannot talk like that at work anymore. Plaintiff was surprised that they were not taking further action and pointed out the company handbook related to harassment and discrimination, in particular the language stating that it is misconduct that could lead to termination.

30. Taylor and Curran talked around Plaintiff's concerns and were dismissive of them. After that, when Plaintiff saw Izaguirre at work, she smirked at Plaintiff and made him feel uncomfortable.

31. Despite having never met Plaintiff prior to his complaints of harassment, discrimination, and retaliation, Curran told employees of Defendant that Plaintiff had

"outbursts," "anger problems," and that there were "a lot of things you don't know about Jarret."

32. After Plaintiff reported the discrimination and harassment, Ferris watched Plaintiff's work more closely than in the past. Additionally, Plaintiff was required to work ten (10) days in a row, and on a November 2017 schedule, seven (7) days in a row despite his schedule typically being five (5) days on and two (2) days off.

33. Osika instructed Landrum to shred portions of Plaintiff's personnel file.

34. Additionally, Osika was talking to Plaintiff' co-workers and trying to get them to say negative things about Plaintiff.

35. Osika also encouraged members of Defendant's management to say that Plaintiff was a problem.

36. Furthermore, Osika openly stated that she wished that Plaintiff would be separated from his employment and predicted that "it will happen."

37. On or about November 19, 2017, Ferris issued a Plaintiff a write-up (Step I Warning) for being late for work. When Plaintiff was a few minutes late in the past, it was never a problem and several of Plaintiff's co-worker arrive late for work and they are not disciplined.

38. Ferris told Plaintiff's co-workers that Defendant was looking for a reason to terminate Plaintiff.

39. On December 30, 2017, Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

40. On January 26, 2018, Defendant issued Plaintiff a Step II Coaching and Counseling.

41. On January 29, 2018, Plaintiff's counsel sent a letter to Curran enclosing Plaintiff's Charge of Discrimination.

42. On January 31, 2018, Defendant issued Plaintiff a Step III Final.

43. On January 31, 2018, Landrum saw Plaintiff's Final Warning and reported, to Curran, Osika's racist comment regarding Plaintiff and the retaliation that Plaintiff faced after reporting the harassment and discrimination.

44. Thereafter, Landrum was called to a meeting with Curran and David Evans (Defendant's attorney) and was question for nearly three (3) hours. Curran and Evans tried repeatedly to get Landrum to change her story. Additionally, Landrum was asked, among other things, if she and Plaintiff were in a romantic relationship or were Facebook friends.

45. In or around March 2018, Curran counseled the managers in Plaintiff's department regarding the timeliness of write-ups. Moreover, Curran revised the Step I and Step II warnings issued to Plaintiff and withdrew the Step III and Coaching and Counseling issued to Plaintiff.

**COUNT I**
**42 U.S.C. §1981—RACE DISCRIMINATION**

46. Plaintiff, JARRET COLE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-five (45).

47. Plaintiff is a member of a protected class under 42 U.S.C. §1981.

48. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race, by subjecting Plaintiff to

disparate discipline compared to employees of Defendant who are outside of Defendant's protected class in violation of 42 U.S.C. §1981.

49. Defendant's decisions were motivated by race-based considerations.

50. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

51. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

52. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT II
## 42 U.S.C. §1981—RACE HARASSMENT

53. Plaintiff, JARRET COLE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-five (45).

54. Plaintiff, a black male, is a member of a protected class under 42 U.S.C. §1981.

55. The aforementioned actions by Izaguirre, Osika, Fraser and Tickner constitute unwelcome race-based harassment.

56. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

57. Defendant knew or should have known of the harassment of Plaintiff.

58. The aforementioned actions created a hostile environment and constitute discrimination on the basis of race in violation of 42 U.S.C. §1981.

59. The racial harassment and conduct of Izaguirre, Osika, Fraser and Tickner created a hostile work environment which interfered with Plaintiff's ability to perform his job.

60. Defendant's actions were intentional and encouraged an environment where degradation based on race was common and tolerated.

61. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

62. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e.  Punitive damages;

  f.  Attorneys' fees and costs;

  g.  Injunctive relief; and

  h.  For any other relief this Court deems just and equitable.

## COUNT III
## 42 U.S.C. §1981 – RETALIATION

63. Plaintiff, JARRET COLE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-five (45).

64. Plaintiff suffered adverse employment actions for engaging in protected activity under the 42 U.S.C. §1981. Specifically, Plaintiff made good-faith, reasonable complaints of discrimination, harassment and retaliation based on his race, filed a Charge of Discrimination and was disciplined and had his schedule changed by Defendant.

65. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of 42 U.S.C. §1981.

66. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

67. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

68. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

  a.  Back pay and benefits;

  b.  Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT IV
## TITLE VII – RACE DISCRIMINATION

69. Plaintiff, JARRET COLE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-five (45).

70. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII")

71. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race, by subjecting Plaintiff to disparate discipline compared to employees of Defendant who are outside of Defendant's protected class in violation of Title VIII.

72. Defendant's adverse employment act toward Plaintiff was motivated by race/color-based considerations.

73. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

74. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

75. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT V
## TITLE VII—RACE HARASSMENT

76. Plaintiff, JARRET COLE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-five (45).

77. Plaintiff, an African-American/Black male, is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII").

78. The aforementioned actions by Izaguirre, Osika, Fraser and Tickner constitute unwelcome race-based harassment.

79. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

80. Defendant knew or should have known of the harassment of Plaintiff.

81. The aforementioned actions created a hostile environment and constitute discrimination on the basis of race in violation of Title VII.

82. The racial harassment and conduct of Izaguirre, Osika, Fraser and Tickner created a hostile work environment which interfered with Plaintiff's ability to perform his job.

83. Defendant's actions were intentional and encouraged an environment where degradation based on race was common and tolerated.

84. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

85. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT VI
## TITLE VII – RETALIATION

86. Plaintiff, JARRET COLE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-five (45).

87. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII") and suffered adverse employment actions by Defendant. Specifically, Plaintiff made good-faith, reasonable complaints of discrimination, harassment and retaliation based on his race, filed a Charge of Discrimination and was disciplined and had his schedule changed by the Defendant.

88. Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to his complaints of discrimination.

89. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964.

90. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

91. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT VII
## FLORIDA CIVIL RIGHTS ACT – RACE DISCRIMINATION

92. Plaintiff, JARRET COLE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-five (45).

93. Plaintiff is a member of a protected class under Florida Civil Rights Act.

94. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race, by subjecting Plaintiff to disparate discipline compared to employees of Defendant who are outside of Defendant's protected class in violation of the Florida Civil Rights Act.

95. Defendant's decisions were motivated by race-based considerations.

96. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

97. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

98. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT VIII
## FLORIDA CIVIL RIGHTS ACT—RACE HARASSMENT

99. Plaintiff, JARRET COLE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-five (45).

100. Plaintiff, an African-American/Black, is a member of a protected class under the Florida Civil Rights Act (FCRA), Chapter 760, *Florida Statutes*.

101. The aforementioned actions by Izaguirre, Osika, Fraser and Tickner constitute unwelcome race-based harassment.

102. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

103. Defendant knew or should have known of the harassment of Plaintiff.

104. The aforementioned actions created a hostile environment and constitute discrimination on the basis of race in violation of the FCRA.

105. The racial harassment and conduct of Izaguirre, Osika, Fraser and Tickner created a hostile environment which interfered with Plaintiff's ability to perform his job.

106. Defendant's actions were intentional and encouraged an environment where degradation based on race was common and tolerated.

107. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

108. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e. Punitive damages;

  f. Attorneys' fees and costs;

  g. Injunctive relief; and

  h. For any other relief this Court deems just and equitable.

## COUNT IX
## FLORIDA CIVIL RIGHTS ACT—RETALIATION

109. Plaintiff, JARRET COLE, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through forty-five (45).

110. Plaintiff suffered adverse employment actions for engaging in protected activity under the Florida Civil Rights Act and suffered adverse employment actions by Defendant. Specifically, Plaintiff made good-faith, reasonable complaints of discrimination, harassment and retaliation based on his race, filed a Charge of Discrimination and was disciplined and had his schedule changed by the Defendant.

111. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Chapter 760, *Florida Statutes*.

112. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

113. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

114. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

115. Plaintiff, JARRET COLE, demands a trial by jury on all issues so triable.

DATED this 21st day of November 2018.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
16524 Pointe Village Dr.
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*